UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2728-B |
| | § | |
| SOUTHWEST PUMPS, LLC, and AMERICAN FIRE PROTECTION GROUP, INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINON & ORDER

Before the Court is Defendant Southwest Pumps, LLC ("SW Pumps")'s Motion for Leave to Designate Responsible Third Parties (Doc. 62). For the following reasons, the Court **GRANTS** SW Pumps's Motion.

Plaintiff Factory Mutual Insurance Company ("Factory Mutual") brought this lawsuit against Defendants SW Pumps and American Fire Protection Group, Inc. ("AFPG") after a building owned by Factory Mutual suffered damages. Doc. 12-2, Pet., ¶¶ 21–25. AFPG hired SW Pumps to provide fire sprinkler inspections at Factory Mutual's building. *Id.* ¶ 12. Factory Mutual alleges that the fire sprinklers broke, causing damages to the building. *Id.* ¶¶ 14–17. SW Pumps filed a Motion seeking to designate two responsible third parties. Doc. 62, Mot., 2. Specifically, it seeks to designate FirstService Residential, Inc. ("FSR") and CBRE, Inc. ("CBRE") as responsible third parties, arguing that they were negligent in monitoring and supervising repairs to the sprinkler system. *See id.*

Federal courts apply Texas Civil Practice and Remedies Code § 33.004 in federal diversity cases in which a defendant seeks to designate a responsible third party. *Hernandez v. Bumbo (Pty.)*

*Ltd.*, No. 3:12-CV-1213-M, 2014 WL 924238, at *1 (N.D. Tex. Mar. 10, 2014) (Lynn, J.). Under this provision, defendants "may seek to designate a person as a responsible third party by filing a [timely] motion for leave to designate that person as a responsible third party." Tex. Civ. Prac. & Rem. Code § 33.004(a). The statute defines "responsible third party" as a third party

> alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

*Id.* § 33.011(6).

Courts "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." *Id.* § 33.004(f). Courts are instructed to grant leave unless the objecting party establishes that the defendant failed to "plead sufficient facts concerning the alleged responsibility of the person to satisfy" Texas's pleading requirements. *Id.* § 33.004(g)(1).

Texas's "'fair notice' standard for pleading . . . looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The fair notice pleading standard is intended "'to give the opposing party information sufficient to enable him to prepare a defense.'" *Id.* at 897 (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

The Court **GRANTS** SW Pumps's Motion to designate FSR and CBRE as third parties. SW Pumps pleaded sufficient facts concerning the alleged responsibility of FSR and CBRE. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896. Factory Mutual alleges that both CBRE and FSR were responsible for the maintenance of Factory Mutual's building. Doc. 62, Mot., 4–5. SW Pumps alleges that CBRE and FSR had a duty to assess whether the system was properly installed and

maintained and that they failed to do so. *Id.* at 7.  SW Pumps further alleges that neither CBRE nor FSR took action after learning about issues with the sprinkler system. *Id.* at 6–7. SW Pumps argues that by failing to take appropriate preventative maintenance measures and by failing to adequately supervise, CBRE and FSR caused Factory Mutual's injuries. *Id.* at 10. Accordingly, SW Pumps alleged that CBRE and FSR owed a duty of care to Factory Mutual, breached their duty of care, and that the breach was a proximate cause of Factory Mutual's injuries. SW Pumps thus alleged sufficient information to enable Factory Mutual to a prepare a defense against SW Pumps's negligence arguments. Factory Mutual can ascertain from these allegations "the nature and basic issues of the controversy and what testimony will be relevant." *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897.

Factory Mutual did not establish that SW Pumps failed to "plead sufficient facts concerning the alleged responsibility of the" third party. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1). Factory Mutual argues that the allegations "are not true" and introduces evidence in its Response to argue that that the Court should not grant leave to designate FSR and CBRE. Doc. 78, Resp., 5–9. But when determining whether to grant leave to designate a responsible third-party, the Court does not consider evidence or investigate the allegations supporting the request. *In re Arthur Andersen LLP*, 121 S.W.3d 471, 478 n.20 (Tex.Civ.App.—Houston [14th Dist.] 2003, orig. proceeding). The question is whether the allegations in SW Pumps's Motion adequately put Factory Mutual on notice of the issues to be tried. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896. SW Pumps has satisfied this requirement.

Factory Mutual also argues that FRS and CBRE cannot be designated as responsible third parties "to the extent [they] acted as agents of [Factory Mutual's] subrogor." Doc. 78, Resp., 10.

Factory Mutual is mistaken. Texas law permits agents to be designated as responsible third parties. *See Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, No. 3:20-CV-1883, 2021 WL 4943692, at *3 (N.D. Tex. Oct. 22, 2021) (Fitzwater, J.) (citing *In re Coppola*, 535 S.W.3d 506 (Tex. 2017)). And an agent can be responsible for negligent acts within the scope of its agency. *See Fleming v. Lon Morris College*, 85 S.W.2d 276, 279 (Tex. App.—El Paso 1935, writ ref'd). Thus, Factory Mutual did not establish that SW Pumps failed to plead sufficient facts concerning the alleged responsibility of FSR and CBRE. Defendant SW Pumps's Motion is **GRANTED**.

SO ORDERED.

SIGNED: January 23, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 4 -